IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTAL CHAVEZ,
also known as KRISTAL CHAVES,

                      Plaintiff,

    v.

ACE DEBT RECOVERY, LLC,
and KWIK TRIP, INC.,

                      Defendants.

OPINION and ORDER

18-cv-482-jdp

---

        This case brought under the Fair Debt Collection Practices Act and the Wisconsin Consumer Act arises out of a debt that plaintiff Kristal Chavez owes defendant Ace Debt Recovery, LLC. Chavez alleges that Ace obtained a default judgment and garnishment order against her in Arizona state court and then began to garnish her wages from her employer, defendant Kwik Trip, Inc. Chavez contends that defendants violated the FDCPA and WCA by failing to "domesticate the foreign Arizona judgment" in Wisconsin (where she lives and works) before enforcing it. Dkt. 13, ¶ 14.

        Ace moves to dismiss Chavez's amended complaint. Dkt. 14.[1] Ace relies on the *Rooker-Feldman* doctrine, which prohibits federal district courts from reviewing civil judgments entered by state courts. *Harold v. Steel*, 773 F.3d 884, 885 (7th Cir. 2014) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Although courts sometimes struggle in determining the scope of the doctrine, this case is readily resolved by existing precedent.

---

[1] Ace moved to dismiss Chavez's original complaint on the same ground, Dkt. 11, but Chavez mooted that motion by filing an amended complaint.

The court of appeals held in *Harold* that "garnishment orders enforcing a judgment are final and appealable," so the *Rooker-Feldman* doctrine bars lawsuits challenging such orders. 773 F.3d at 886–87. *See also Lewis v. BNSF Ry. Co.*, 671 F. App'x 386, 387 (7th Cir. 2016) ("[T]he *Rooker-Feldman* doctrine divests [the district court] of subject-matter jurisdiction to review the [state] court's orders garnishing [the plaintiffs'] wages."). Because Chavez acknowledges that she is challenging the Arizona garnishment order, the *Rooker-Feldman* doctrine applies to this case.

Chavez contends that the garnishment order is invalid because Ace obtained the order from Arizona rather than Wisconsin, in violation of Wisconsin law. But this court has held in multiple cases that the *Rooker-Feldman* doctrine applies even when the garnishment order comes from another state and even when the plaintiff contends that the order is procedurally defective. *Nichols v. GFS II LLC*, No. 15-cv-58-wmc, 2016 WL 2757453, at *2 (W.D. Wis. May 12, 2016) ("[A] plaintiff's claims based on injuries due to [a] defendant's extra-territorial garnishment of wages [a]re barred by the *Rooker-Feldman* doctrine."); *Kobilka v. Cottonwood Fin. Wisconsin, LLC*, No. 14-cv-268-wmc, 2015 WL 1137471, at *3–4 (W.D. Wis. Mar. 12, 2015) (*Rooker-Feldman* doctrine applied because "all of plaintiff's claims seek to relitigate the state court garnishment action, in which both [the plaintiff] and her employer apparently waived or lost any assertion that the state court lacked personal jurisdiction over them or any other challenge [plaintiff] may have raised"); *Jung v. Cottonwood Fin. Wisconsin, LLC*, No. 14-cv-241-jdp, 2015 WL 106227, at *4 (W.D. Wis. Jan. 7, 2015) ("The *Rooker–Feldman* doctrine applies in [this] case because defendants sought a state court's permission to garnish wages paid by an out-of-state employer."). *Harold* also made it clear that a plaintiff cannot avoid the *Rooker-Feldman* doctrine by alleging procedural deficiencies in the state court's order. 773 F.3d

at 887 (doctrine applies even when "the state court . . . use[s] constitutionally forbidden procedures to reach its judgment"). *See also Andress v. Daubert Law Firm, LLC*, 667 F. App'x 154, 155 (7th Cir. 2016) (*Rooker-Feldman* doctrine barred FDCPA claim that garnishment order was defective because the plaintiff was not properly served).

Chavez does not distinguish or discuss or any of these cases in her brief, even though Ace relied on both *Harold* and *Kobilka* in its motion. And she doesn't cite any contrary authority either. She does not deny that she had an opportunity to object to Ace's garnishment application. Ariz. Rev. Stat. Ann. § 12-1598.07 ("A party who has an objection to the writ of garnishment, the answer of garnishee or a nonexempt earnings statement may file a written objection and request for hearing.").

Chavez's only argument is that "a Wisconsin order was never entered," so "there is no Wisconsin judgment that Plaintiff seeks to attack." Dkt. 21, at 3. But that is beside the point. The question is whether Chavez is challenging a final order of a state court; it does not matter which state that order comes from. Chavez's observation that there is no Wisconsin judgment is simply a reflection of her belief that the garnishment order is invalid because it is procedurally defective. Because both the court of appeals and this court have squarely rejected that argument, the court will grant Ace's motion to dismiss.

ORDER

IT IS ORDERED that defendant Ace Recovery, LLC's motion to dismiss the amended complaint, Dkt. 14, is GRANTED and this case is DISMISSED for lack of jurisdiction. The motion to dismiss the original complaint, Dkt. 11, is DENIED as moot.

Entered December 20, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge